IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Patricia Miranda, Mary Robb Farley, and Marcela Jenkins Individually and on behalf of a class Similarly persons,<br><br>Plaintiffs,<br><br>vs.<br><br>TJX, Inc., and Fifth Third Bancorp,<br><br>Defendants. | Civil Action No. 07 cv 01075 (SEC) |

### Class Action Complaint

The Plaintiffs, individually and on behalf of a class of similarly situated persons, complain against the Defendants as follows:

### Introduction

1. Plaintiffs bring this action individually and on behalf of a class of similarly situated class members for injuries suffered as a result of Defendants' wrongful conduct. In what has recently been described as potentially the largest retail security breach ever to have occurred in the United States, the Defendant TJX announced on January 17, 2007 that it had detected an unauthorized intrusion into its computer systems that process and store information related to customer transactions. This intrusion involved portions of TJX's computer network that handles credit card, debit card, check and merchandise return transactions for customers of its T.J. Maxx, Marshalls, HomeGoods, Bob's Stores and A.J. Wright stores in the United States and Puerto Rico. According to TJX's press release, the intrusion involved credit and debit card transactions occurring in 2003 and most recently for the period from mid-May through

December, 2006. Additionally, what makes the intrusion into the TJX computer system particularly alarming is that the breach involved customer information such as drivers' license and checking accounts linked to transactions for returned merchandise and was not limited to credit and debit card information.

2. This case arose because the Defendants have both statutory and common law duties to adequately protect their customers' non-public and private financial information. The Defendants breached the duties owed to its customers by failing to maintain adequate computer data security. Given the well-publicized breaches in 2005 involving CardSystems Solutions, the Defendants should have undertaken adequate measures to thwart and/or detect intrusions into their computer systems.

## Parties & Venue

3. The plaintiff Patricia Miranda is a resident of Puerto Rico. She resides in Puerto Rico and is a customer of Marshalls.

4. The plaintiff Mary Robb Farley is a resident of Puerto Rico. She resides in Puerto Rico and is a customer of Marshalls.

5. The plaintiff Marcela Jenkins is a resident of Puerto Rico. She resides in Puerto Rico and is a customer of Marshalls.

6. The defendant TJX, Inc. is incorporated in the State of Massachusetts. TJX is an off price retailer of apparel and home fashions. TJX regularly transacts business in the Puerto Rico. It owns the Marshalls stores that operate in the District of Puerto Rico.

7. The defendant Fifth Third Bancorp (hereinafter Fifth Third Bank) is charted in the State of Ohio. Upon information and belief, Fifth Third Bank is the sponsoring bank that handled TJX's credit card accounts.

## Jurisdiction

8. This Court has diversity jurisdiction over the claims asserted in the complaint in diversity pursuant to 28 U.S.C. Sec. 1332, and which are actionable under 31 L.P.R.A. §§ 3018 and 5141, et. seq. and 32 L.P.R.A. §3341 et seq. The amount in controversy exceeds $75,000 and there exists complete diversity with respect to the named parties. Additionally, the Court has jurisdiction under the Class Action Fairness Act because this class has more than 100 hundred persons and the amount at issue exceeds five (5) million dollars.

## Factual Allegations

9. The plaintiff Patricia Miranda holds is a Marshalls customer. She made credit card transactions at Marshalls during the period that TJX announced its computer system had been compromised.

10. The plaintiff Mary Robb Farley is a Marshalls customer. She made credit card transactions at Marshalls during the period that TJX announced its computer system had been compromised.

11. The plaintiff Marcela Jenkins is a Marshalls customer. She made credit card transactions at Marshalls during the period that TJX announced its computer system had been compromised.

12. On January 17, 2007, TJX announced that its computer system had been compromised and that the intrusion resulted in the theft of private financial data related

customer transactions. TJX further stated that it has identified customer information that has been stolen from its systems.

13. Upon information and belief, Fifth Third Bancorp processed credit card and debit card transactions for TJX. Fifth Third Bancorp served in the capacity as the acquiring bank (or the merchant acquirer). As the merchant acquirer, Fifth Third Bancorp takes the credit card transactions from TJX and transmits them to the bank issuing the card. Once the cardholder bank (the issuing bank) authorizes payment, Fifth Third Bancorp credits TJX's merchant account with the purchase price minus transactions fees.

14. Although U.S. retailers who accept credit cards and the merchant acquirers are required to abide by card-industry regulations governing credit card transactions, many merchants don't comply with them. The rules that cover transactions on cards branded with logos from Visa, MasterCard International Inc., American Express Co. and Discover Financial Services, require merchants to validate a series of security measures, such as the establishment of firewalls to protect databases. Among other things, merchants are prohibited from storing unprotected cardholder information. According to the Wall Street Journal On-Line, Visa has reported that only 31% comply with card industry requirements. Upon information and belief, TJX did not comply with card industry regulations and/or statutory requirements aimed at protecting privated financial information. Upon information and belief, TJX maintained unprotected cardholder information on its computer system.

15.     Moreover, as member of the Visa and MasterCard networks, the Fifth Third Bancorp as the merchant acquirer was obligated to ensure that the TJX's computer system complied with statutory requirements and/or card industry regulations.

## Class Allegations

16.     Plaintiffs bring this action on their own behalf and on behalf of all other persons similarly situated pursuant to Rule 23 of the *Federal Rules of Civil Procedure*. Plaintiffs seek certification of a class under Rule 23(b)(1), (b)(2) and (b)(3).

17.     Class definition: The class that Plaintiffs seek to represent is defined as all TJX customers who made credit card transactions at TJX's stores during the period that the security of Defendants computer systems were compromised and the privacy or security of whose credit card, check card, or debit card account, transaction or non-public information was compromised.

18.     Numerosity:   The class is composed of thousands of persons the joinder of which would be impracticable.  The individual identities of the individual members are ascertainable through Defendants' records or by public notice.

19.     Commonality: There is a well-defined community of interest in the questions of law and fact involved affecting the members of the class.  The questions of law and fact common to the class predominate over questions affect only individual class members, and include, but are not limited to, the following:

    a.     Whether Defendants TJX and First Third Bank breached a duty and was negligent in failing to keep card members' account, transactions, and other non-public information secure;

    b.  Whether all Defendants, or any of them, breached duties and was negligent in failing to inform directly or indirectly in a timely fashion card members (the security of whose accounts or other non-public information was compromised) of the occurrence of such a compromise of security;

    c.  Whether the consumer class is entitled to notice as to whether the security of their credit card account or other non-public information was compromised as a result of a breach of security at TJX;

    d.  Whether the consumer class is entitled to any other remedies such as ongoing credit monitoring, on account f the breach of duties of Defendants, or any of them;

    e.  Whether the class is entitled to declaratory relief;

    f.  Whether the class is entitled to injunctive relief; and,

    g.  Whether the class is entitled to an award of reasonable attorneys' fees and costs of suit.

  20.  <u>Typlicality and Adequacy</u>: Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class members they seek to represent and they are similarly situated with members of their class. Plaintiffs will fairly and adequately represent and protect the interests of the class, and Plaintiffs' interests are not antagonistic to the class. Plaintiffs have retained counsel who are competent and experienced in the prosecution of class action litigation.

  21.  A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and class members' claims. Plaintiffs and the members of the class have suffered irreparable harm as a result of Defendants unfair, deceptive and

unlawful conduct. Because of the size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein. Absent the class action, the members of the class will continue to suffer losses in violations of law and wrongs described herein will continue without remedy. Defendants continue to deny wrongdoing and to engage in the unfair, unlawful, and deceptive conduct that is the subject of this complaint.

## COUNT I

## NEGLIGENCE PER SE

22. The Plaintiffs incorporate by reference and restate the factual allegations in the preceding paragraphs.

23. Defendants had a duty pursuant to the Graham-Leach-Bliley Act to protect and keep customer information confidential. For example, 15 U.S.C.A. § 6801 provides:

(a) Privacy obligation policy:

It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

(b) Financial institutions safeguards
In furtherance of the policy in subsection (a) of this section, each agency or authority described in section 6805(a) of this title shall establish appropriate standards for the financial institutions subject to their jurisdiction relating to administrative, technical, and physical safeguards--
    (1) to insure the security and confidentiality of customer records and information;
    (2) to protect against any anticipated threats or hazards to the security or integrity of such records; and
    (3) to protect against unauthorized access to or use of such records or information which could result in substantial harm or inconvenience to any customer.

In addition to these requirements, 15 U.S.C.A. § 6809 also provides as follows:

(4) Nonpublic personal information

(A) The term "nonpublic personal information" means personally identifiable financial information--
(i) provided by a consumer to a financial institution;
(ii) resulting from any transaction with the consumer or any service performed for the consumer; or
(iii) otherwise obtained by the financial institution.
(B) Such term does not include publicly available information, as such term is defined by the regulations prescribed under section 6804 of this title.
(C) Notwithstanding subparagraph (B), such term--
(i) shall include any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information other than publicly available information; but

24. The Defendant Fifth Third Bancorp failed to comply with the requirements of Section 6801 by not providing for adequate safeguards.

25. Additionally, the Defendants were obligated to comply with credit card industry regulations that prohibit, among other things, storage of unprotected credit card information.

26. The failure to comply with Section 6801 and/or industry regulations with respect to plaintiffs and class members credit card transactions constitutes negligence *per se*.

27. Plaintiffs and the class have been injured as a proximate result of these breaches and Defendant's conduct constitutes negligence per se.

## COUNT II

### (Negligence)

28. The Plaintiffs incorporate by reference and restate the factual allegations in the preceding paragraphs.

29.     The Defendants came into possession of private financial information and had a duty to adequately protect it from theft. The Defendants did not exercise reasonable care in safeguarding such information.

30.     Plaintiffs and the class have been injured as a proximate result of these breaches and Defendants' conduct constitutes negligence.

## COUNT III

### (Common Law Bailment)

31.     The Plaintiffs incorporate by reference and restate the factual allegations in the preceding paragraphs.

32.     The private financial information, including credit card numbers, constitute plaintiffs and class members personal property.

33.     The plaintiffs and class members entrusted such personal property to the defendants.

34.     As bailees, the defendants had an obligation to adequately protect the personal property entrusted from theft, unauthorized disclosure and/or other conduct that might compromise such property.

35.     The defendants breached the duties arising from the bailment by failing to adequately protect the plaintiffs and class members personal property (i.e. financial information).

36.     Plaintiffs and the class have been injured as a proximate result of these breaches and Defendants' conduct constitutes a breach of the duties arising from the common law bailment.

## COUNT IV

### (Breach of Contract)

37. The Plaintiffs incorporate by reference and restate the factual allegations in the preceding paragraphs.

38. The plaintiffs, class members and defendants were parties to a contract that required the defendants to adequately protect credit card, debit card and other personal information from theft or unauthorized disclosure.

39. Alternatively, the plaintiffs and class members were third party beneficiaries to contracts and/or agreements that the defendants entered into with card issuing banks and/or credit card associations/networks. These agreements required the defendants to adequately safeguard credit card, debit card and/or other personal information from theft or unauthorized disclosure.

40. The defendants breached their agreements with the plaintiffs, class members and/or other financial institution or associations by failing to adequate safeguard plaintiffs and class members private financial information.

41. Plaintiffs and the class have been injured as a proximate result of these breaches and Defendants' conduct constitutes a breach of the duties arising from the common law bailment.

### Prayer for Relief

42. Wherefore premises considered, the Plaintiffs, individually and on behalf of the class, respectfully request that the Court enter an order:

(1) requiring the defendants to make whole any losses suffered by the plaintiffs and class as a result of their misconduct;

(2)   requiring the defendants to compensate plaintiffs and/or provide monies needed to monitor the plaintiffs and class members financial accounts;

(3)   enjoining the defendants from further actions which place the consuming class at risk of future security breaches;

(4)   requiring the defendants to pay plaintiffs and class members a reasonable attorney's fee and costs of litigation and;

(5)   providing for such other legal and/or equitable relief as the cause of justice requires.

### Jury Demand

The Plaintiffs request a trial by jury.

/S/  Eric M. Quetglas Jordan
ERIC M. QUETGLAS JORDAN
USDC-PR #202514
JOSE F. QUETGLAS
USDC-PR #203411
QUETGLAS LAW OFFICES
PO Box 16606
San Juan, Puerto Rico 00908
Tel: 787.722.0635/787.722.7745
Fax: 787.725.3970
Email: quetglaslaw@hotmail.com

E. Kirk Wood
E. KIRK WOOD, ESQ.
P.O. BOX 382434
Birmingham, Alabama 35238
2017 Second Avenue North
Suite 200A
Birmingham, Alabama 35201
Tel: 205.612.0243
Fax: 205.408.2517
ekrikwood1@cs.com

**ATTORNEYS FOR PLAINTIFFS**